**\*\* E-filed January 20, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ex rel JOHN G. BARISONE, CITY ATTORNEY, CITY OF SANTA CRUZ,<br><br>    Plaintiffs,<br>  v.<br><br>STEVE PLEICH; OCCUPY SANTA CRUZ; and DOES 1-100,<br><br>    Defendants._____/ | No. C11-05523 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket No. 5] |

Plaintiffs John Barisone, City Attorney of Santa Cruz, and the City of Santa Cruz brought this action on behalf of the people of California alleging that defendants have created a public nuisance in violation of state and local law. See Dkt. No. 1 ("Notice of Removal"), Exh. A ("Complaint"). Plaintiffs claim that the defendants, the group Occupy Santa Cruz ("OSC"), Steve Pleich, the group's representative, and one hundred unnamed members of Occupy Santa Cruz have camped continuously in an area called the San Lorenzo Park Benchlands since October 6, 2011. Id. ¶¶ 4, 7. Plaintiffs allege that despite having provided OSC with a permit that required the group to obey park rules, clean the camp area, eliminate alcohol, cigarette, and illicit drug use in the camp, and provide portable toilets, among other things, OSC has refused to abide by the terms of the permit and has created "serious health and safety hazards" for the community. Id. ¶¶ 9-17.

Defendants removed this action from Santa Cruz Superior Court, and plaintiffs timely moved to remand, claiming both procedural deficiencies in the removal notice and a lack of subject matter jurisdiction. See Dkt. No. 5. Defendants did not timely oppose the motion. This court held a hearing on the motion on January 3, 2012, at which time it invited defendants to submit an opposition presenting any authority that would support subject matter jurisdiction over the action. Defendants OSC and Steve Pleich have each filed oppositions of sorts, and the plaintiff has replied. Dkt. Nos. 17, 19, 20.

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district judge. Based on the moving papers, arguments presented at hearing, and applicable authority, this court RECOMMENDS that plaintiff's motion to remand be granted.

LEGAL STANDARD

Removal to federal court is proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statute is strictly construed against removal and places the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). However, "the district courts have no authority to remand a case *sua sponte* for procedural defects." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. Cal. 2003).[1]

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if,

---

[1] For instance, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting *sua sponte* may not base its decision to remand solely upon such a defect. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935-36 (9th Cir. 2006).

2

based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. <u>Vaden v. Discovery Bank</u>, 129 S. Ct. 1262, 1271 (2009). Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Defenses and counterclaims asserting a federal question do not satisfy this requirement. <u>Vaden</u>, 129 S. Ct. at 1271.

DISCUSSION

In its complaint, plaintiff City of Santa Cruz sought relief under California state law and Santa Cruz municipal law governing public nuisance. Complaint ¶¶ 8-9. The defendants contend that removal is proper because their encampment constitutes an expression of their First and Ninth Amendment rights. <u>See</u> Notice of Removal, p. 3. OSC argues that any challenge to their encampment, which was located in a "traditional public forum" but has since been disbanded, must necessarily raise constitutional issues sufficient to establish federal jurisdiction. Dkt. No. 17 ("OSC Opposition"), p. 3. Defendant Steve Pleich argues that the plaintiff has engaged in "artful pleading" designed to disguise "an otherwise basic and unadorned federal question." Dkt. No. 19 ("Pleich Opposition"), p. 1. Both of these arguments must fail. The defendants have confused their potential defenses and counterclaims, which may indeed be founded upon federal constitutional provisions, and the plaintiff's complaint, which seeks relief only under state and local law. "A suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" <u>Vaden</u>, 129 S. Ct. at 1272 (quoting <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)).

OSC cites to case law that holds parks to be traditional public forums, but this does not go to the jurisdictional question before this court. <u>See</u> OSC Opp., p. 3. The case OSC cites, <u>Wright v. Incline Village General Improvement District</u>, involved a plaintiff who brought suit to establish and enforce his First Amendment rights. 2011 U.S. App. LEXIS 26086 (9th Cir. Dec. 27, 2011). The procedural posture in <u>Wright</u>, where a federal question was stated on the face of the complaint, is distinguishable from this case, where the only basis for federal jurisdiction is asserted defensively by the removing defendants. The fact that defendants believe federal court would be the better

3

forum to adjudicate their constitutional defenses will not suffice to bestow jurisdiction over this action. Accordingly, the undersigned finds that there is no subject matter jurisdiction.

In addition, neither is there subject matter jurisdiction based on diversity. Defendants do not assert diversity jurisdiction in their notice of removal, nor do they assert that the amount in controversy exceeds $75,000. Plaintiffs, the "people of California" and the City of Santa Cruz, must necessarily be California residents. While none of the moving papers include jurisdictional facts as to defendants' citizenship, the court notes that defendant Steve Pleich has provided a Santa Cruz address as his contact address, so there cannot be complete diversity between the parties. Moreover, a defendant who is a resident of the forum state is not entitled to remove an action to federal court based on diversity. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). While such a defect would not be sufficient grounds for remand were this court acting *sua sponte*, such a procedural defect "bars removal" and is properly before the court when the plaintiff moves to remand. See Spencer v. United States Dist. Court, 393 F.3d 867, 870 (9th Cir. Cal. 2004). Therefore, neither is there diversity jurisdiction over this matter, nor was the removal proper when it occurred.

CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge grant plaintiff's motion and remand the case to Santa Cruz County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: January 20, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C11-05523 HRL Notice will be electronically mailed to:**

Caio Arellano    carellano@abc-law.com
John Barisone    cferris@abc-law.com
Ed Frey

**Notice will be provided by mail to:**

Steve Pleich
2020 Halterman Avenue
Santa Cruz, CA 95062

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California